IN THE CIRCUIT COURT OF THE
NINTH JUDICIAL CIRCUIT IN AND
FOR ORANGE COUNTY, FLORIDA

RP FUNDING, INC., a Foreign Profit
Corporation,

      Plaintiff,

v.

BROKER SOLUTIONS, INC., d/b/a
NEW AMERICAN FUNDING, a
Foreign Profit Corporation,

      Defendant.
_____/

CASE NO.:
COMPLEX BUSINESS COURT

## VERIFIED COMPLAINT

Plaintiff, RP FUNDING, INC. (hereafter "RP FUNDING"), sues Defendant, BROKER SOLUTIONS, INC. d/b/a NEW AMERICAN FUNDING, (hereafter "NEW AMERICAN") and states as follows:

### PARTIES, VENUE, AND JURISDICTION

1. This is an action involving trademark infringement and deceptive and unfair trade practices with damages greater than $15,000.00, exclusive of interest, costs, and attorney's fees.

1

2. Plaintiff, RP FUNDING is a mortgage lender headquartered at 500 Winderley Place, Suite 300, Maitland, Florida 32751. RP FUNDING commands a large market share of the mortgages written in Central Florida.

3. Defendant, NEW AMERICAN is a California corporation operating in Orlando with offices at 7600 Dr. Phillips Blvd, #46, Orlando, Florida 32819; 706 E. Colonial Drive, Orlando, Florida 32803; 12301 Lake Underhill Road, Suite 112, Orlando, Florida 32828; 402 Broadway, Kissimmee, Florida 34747, among other locations.

4. Venue is proper in Orange County pursuant to §47.011, *Fla. Stat.*

5. Jurisdiction of this Court is proper pursuant to §26.012, *Fla. Stat.*

6. All conditions precedent to the filing of this action have been met, waived or otherwise excused.

## GENERAL ALLEGATIONS COMMON TO ALL COUNTS

7. RP FUNDING is one of the largest direct mortgage lenders in Central Florida, providing approximately 1 in 10 refinance mortgages to consumers. RP FUNDING has been a staple in the Central Florida community since 2007.

8. RP FUNDING'S direct to consumer business model includes a substantial advertising presence on television, radio, and the internet.

9. Between October 1, 2017 and March 1, 2018, RP FUNDING spent over $10,000,000.00 on advertising in Central Florida.

10. RP FUNDING is well known throughout Florida and has established significant brand recognition and goodwill among the consumers of Central Florida in particular. RP FUNDING is the official mortgage sponsor of the Orlando Magic and the Jacksonville Armada Soccer Team. Additionally, RP FUNDING sponsors many community events; radio shows; and the RP Funding Center in Lakeland, Florida.

11. Since 2007, RP FUNDING has continuously used its trade name "RP Funding" in commerce and operated, advertised, and held itself out as "RP FUNDING" without interruption.

12. Additionally, at all times material hereto, RP FUNDING owned and used the Registered Federal Trademark "RP Funding" and the Registered Florida Trademark "RP Funding" (collectively with Plaintiff's business name the "RP Funding Marks").

13. The registered RP Funding Marks are as follows:

| Registration Date<br><br>First In-Use | Registration No. | Mark | Classification |
|---|---|---|---|
| July 8, 2015<br><br>December 10, 2007 | 86686959<br><br>Federal Registration | RP Funding | IC Class 36: Financial Services etc. |
| October 17, 2013<br><br>December 10, 2007 | F07000006049<br><br>Florida Registration | RP Funding | Financial Services; Mortgage, Real Estate; Insurance |

3

14. NEW AMERICAN and RP FUNDING are in the same business; to wit mortgage lending.

15. NEW AMERICAN operates five offices in Central Florida and claims on its website to fund approximately $900 million in loans every month.

16. At all times material hereto, NEW AMERICAN owned and operated the website www.newamericanfunding.com.

17. NEW AMERICAN claims on its website to have: "100% live inbound calls from radio, tv and direct mail. All internet leads are scrubbed and our team of customer care agents transfer these leads once the client is reached."

18. NEW AMERICAN also claims on its website that it is "leveraging technology" and claims to have a "state-of-the-art marketing division".

19. What NEW AMERICAN means by "leveraging technology" and "state-of-the-art marketing division" is using other mortgage company's names and trademarks with NEW AMERICAN'S website to unlawfully redirect consumers to NEW AMERICAN'S website even though those consumers searched for other companies.

20. RP FUNDING'S brand recognition, goodwill and advertising generate substantial response from consumers. More than 91,000 independent web searches for *RP Funding* were conducted in Florida in the 90 days preceding this Complaint.

21. Upon information and belief, and in sharp contrast to the brand power of RP FUNDING, less than 1,000 searches for NEW AMERICAN'S brand occur monthly in Florida.

22. NEW AMERICAN unlawfully used, and continues to use, RP FUNDING'S name and the RP Funding Marks with NEW AMERICAN'S website in an effort to divert consumers from responding to RP FUNDING'S advertisements.

23. NEW AMERICAN published misleading online advertisements using the RP Funding Marks on several search engines including *Google*, *Yahoo* and *Bing*.

24. NEW AMERICAN used the RP Funding Marks in the title of NEW AMERICAN'S website and adjacent to the slogan "America's Top Mortgage Lender".

25. NEW AMERICAN'S use the RP Funding Marks on its website and within its advertising incudes, but is not limited to, the following examples:

**Example A.**





26. Any consumer in Central Florida searching for "RP Funding" in *Google*; *Yahoo*; or *Bing* search engines would immediately encounter NEW AMERICAN'S website instead of RP FUNDING'S website because NEW AMERICA inserted the RP Funding Marks in the title of the website and in its search engine optimization or search engine marketing strategy.

27. Upon information and belief, in addition to using the RP Funding Marks in the title of their website, NEW AMERICAN purchases the phrase "RP Funding" in *google* AdWords.

28. NEW AMERICAN continues to wrongfully use and promote the protected RP Funding Marks in an effort to sell the exact services that RP FUNDING sells; mortgages.

29. RP FUNDING was forced to hire the undersigned counsel and is obligated to pay reasonable attorney's fees and costs in bringing this action. NEW AMERICAN is liable for RP FUNDING'S reasonable attorney's fees and costs pursuant to 15 U.S.C. §1117; §501.2105, *Fla. Stat*; §495.141, *Fla. Stat.*

## COUNT I –TRADEMARK INFRINGEMENT
(FEDERALLY REGISTERED)

30. This is an action for Unauthorized Use, False Designation of Origin, and Unfair Competition, pursuant to 15 U.S.C. §1114 and §1125(a); the Lanham Act.

31. RP FUNDING incorporates paragraphs 1 – 29 as if restated fully in this count.

32. NEW AMERICAN'S actions, including but not limited to NEW AMERICAN'S unauthorized use in commerce of the RP Funding Marks with its website and search engine marketing, to advertise, promote, market, or sell, mortgages in Central Florida constitutes trademark infringement in violation of 15 U.S.C. §1114 and §1125(a).

33. NEW AMERICAN'S inclusion of the RP Funding Marks in its website title, advertisements, and search engine marketing, is likely to cause confusion, cause mistake, or deceive the consuming public as to the affiliation, connection, or association, of NEW AMERICAN and RP FUNDING.

34. NEW AMERICAN'S inclusion of the RP Funding Marks in its website title, advertisements, and search engine optimization or marketing, misrepresents the nature of the goods, services or commercial activities of RP FUNDING.

35. NEW AMERICAN'S actions were committed with knowledge and intention to cause confusion, mistake, or to deceive the consuming public.

36. The actions of NEW AMERICAN constitute false designation of origin and false description or representation and unfair competition, in violation of 15 U.S.C. §1125(a) of the Lanham Act.

37. RP FUNDING is entitled to immediate injunctive relief pursuant to 15 U.S.C. §1116 as NEW AMERICAN'S actions will continue if not enjoined.

38. RP FUNDING is entitled to treble damages pursuant to 15 U.S.C. §1117, because NEW AMERICAN'S actions were undertaken deliberately, willfully and with the intention of causing confusion, mistake, or deception.

39. RP FUNDING has suffered, and continues to suffer, damages in an amount to be proven at trial consisting of, among other things, loss of revenue, increased advertising costs, diminution in value of goodwill, and dilution of the book value of the RP Funding Marks.

40. RP FUNDING is entitled to other remedies pursuant to the Lanham Act, including but not limited to compensatory damages, statutory damages, disgorgement of profits, and its attorneys fees and costs.

### COUNT II – TRADEMARK INFRINGEMENT
(FLORIDA REGISTRATION)

41. This is a cause of action for Trademark Infringement pursuant to Florida Statute §495.001, *et seq.*

42. RP FUNDING incorporates paragraphs 1 - 29 as if fully set forth herein.

43. NEW AMERICAN reproduced, copied, or colorably imitated the RP Funding Marks registered under Chapter 495 of the Florida Statute in its search engine marketing, in its website title, and its online advertisements.

44. NEW AMERICAN used the RP Funding Marks, without consent of RP FUNDING, in connection with the sale, offering for sale, distribution, or advertising of NEW AMERICAN'S goods and services; to wit mortgage lending.

45. NEW AMERICAN used the RP Funding Marks, without the consent of RP FUNDING, in a manner that has, and is likely to cause confusion, cause mistake, and deceive.

46. NEW AMERICAN'S actions, including the use of the RP Funding Marks on its website, in its search engine marketing, and in its online advertising, constitute trademark infringement in violation of Florida law.

47. RP FUNDING was damaged by the actions of NEW AMERICAN and NEW AMERICAN must disgorge any profits obtained from its actions pursuant to Florida Statute §495.151(1).

## COUNT III - TRADEMARK DILUTION

48. This is an action in the alternative pursuant to 15 U.S.C. §1125(c) and pursuant to §495.151, *Fla. Stat.* for dilution.

49. Plaintiff RP FUNDING, incorporates paragraphs 1 – 29 as if restated fully in this count.

50. The RP Funding Marks have acquired distinctiveness in Florida and are famous in Florida, especially in Central Florida.

51. NEW AMERICAN'S use of the RP Funding Marks and similar marks is likely to cause dilution by blurring and dilution by tarnishment of the famous RP Funding Marks.

52. NEW AMERICAN intentionally added the RP Funding Marks to NEW AMERICAN'S website title and website advertisements therefore NEW AMERICAN'S violation is willful.

53. RP FUNDING has been irreparably damaged by NEW AMERICAN'S violation and has no adequate remedy at law. Unless restrained by this Court, NEW AMERICAN'S violations will continue to damage RP FUNDING and all mortgage consumers in Central Florida.

54. RP FUNDING was damaged by NEW AMERICAN'S acts and is entitled to damages in an amount determined by this Court or the trier of fact, together with entitlement to reasonable attorneys fees and costs pursuant to §15 U.S.C. §1117, and Florida Statute §495.141.

## COUNT IV – FLORIDA DECEPTIVE AND UNFAIR TRADE PRACTICE ACT

55. This is an action pursuant to §501.201, *Fla. Stat*, the Florida Deceptive and Unfair Trade Practices Act.

56. Plaintiff RP FUNDING incorporates paragraphs 1 – 29 as if restated and set forth fully herein.

57. NEW AMERICAN solicited business from the consuming public by unlawfully harnessing the power of RP FUNDING'S advertising, name recognition, and goodwill in the community when it used RP FUNDING'S name with NEW AMERICAN'S website and in its search engine optimization or marketing.

58. NEW AMERICAN'S purchase of the Google AdWord "RP Funding", and other similar terms, in the course of trade or commerce constitutes an unfair method of competition, unconscionable act or practice, and unfair and deceptive act or practice.

59. NEW AMERICAN'S use of "RP Funding" in the title of its website and in online advertisements during the course of trade or commerce constitutes unfair methods of competition, unconscionable acts or practices, and unfair and deceptive acts or practices.

60. NEW AMERICAN'S actions are unlawful and it has been unjustly enriched by diverting consumers searching for RP Funding to NEW AMERICAN'S business.

61. RP FUNDING suffered damages as a direct and proximate cause of NEW AMERICAN'S actions, including but not limited to damages relating to lost profits, increased advertising costs, and future profits on anticipated sales.

62. NEW AMERICAN is liable for RP FUNDING'S reasonable attorneys fees and costs pursuant to §501.2105, *Fla. Stat.*

## COUNT V – COMMON LAW TRADEMARK INFRINGEMENT

63. This is an action for trademark infringement pursuant to common law of Florida.

64. RP FUNDING incorporates paragraphs 1-29 as if fully set forth herein.

65. NEW AMERICAN'S use of the RP Funding Marks and RP FUNDING'S name in the title of its website in connection with mortgage lending is a violation of the common law of Florida because it is likely to confuse consumers as to the source of the mortgages provided.

66. NEW AMERICAN'S acts are willful and deliberate.

67. RP FUNDING has been damaged by NEW AMERICAN'S actions and is entitled to recover its actual damages, Defendant's profits as a result of Defendant's infringement and unfair and deceptive trade practices, and reasonable attorney's fees and costs.

WHEREFORE, Plaintiff, RP FUNDING, INC., prays this Honorable Court will grant the following relief as against Defendant:

i. Temporarily and permanently enjoin Defendant from using the RP Funding Marks, or confusingly similar marks, and from purchasing the RP Funding Marks, or confusing similar marks as Internet search terms; and from unfairly competing with Plaintiff; and from engaging in unfair and deceptive

trade practices, false advertising; and otherwise injuring Plaintiff's business reputation or goodwill;

ii. Require the Defendant pay to Plaintiff an amount determined by the Court or trier of fact to compensate Plaintiff for all damages sustained as a result of Defendant's unlawful conduct described herein, and require such damages be trebled;

iii. Require the Defendant to account for and disgorge to Plaintiff all profits derived by the Defendants from the use of the RP Funding Marks;

iv. Require the Defendant to pay the Plaintiff punitive damages;

v. Award Plaintiff its reasonable attorney's fees and costs;

vi. Require Defendant to pay prejudgment interest; and

vii. Grant other further relief as this Court finds necessary, proper and just.

DATED this 9th Day of March, 2018.

/s/ *M. Jason O'Neal*
M. Jason O'Neal, Esq.
Fla Bar No.: 117867
**Cornerstone Law Firm, PLLC**
2700 Westhall Lane, Suite 220
Maitland, Florida 32751
P: 407-986-0529
joneal@MyCornerstoneLaw.com
eservice@MyCornerstoneLaw.com

## **VERIFICATION**

Under penalty of perjury, I declare that I have read the foregoing, and the facts alleged therein are true and correct to the best of my knowledge and belief.

Executed on this 9th day of March, 2018.

                                              Robert W. Palmer, Jr.
                                              As President of RP Funding, Inc.

The foregoing instrument was sworn to and subscribed before me this 9th day of March 2018, by Robert W. Palmer, Jr. who is personally known to me.

(Seal) 

                                        Notary Public
                                        My Commission Expires

Notary Public State of Florida
Michael Jason O'Neal
My Commission GG 133374
Expires 08/10/2021